# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**UNITED STATES OF AMERICA,**
     **Plaintiff,**

**v.**                                                                          5:20-cr-44-RBD-PRL

**GARY DEWAYNE MARTIN,**
     **Defendant.**
_____/

## ORDER

Before the court is Defendant Gary Dewayne Martin's motion to release evidence. (Doc. 73). Because the court lacks jurisdiction to order the return of the property, the motion is due to be denied.

On July 15, 2021, Defendant was indicted in the Middle District of Florida for one count of knowingly possessing an unregistered firearm in violation of 26 U.S.C. § 5841. (Doc. 1). Defendant was arrested on July 21, 2020, and multiple firearms were seized; most of these firearms are currently being stored at the Marion County Sherriff's Office. (Doc. 73). On January 6, 2021, Defendant pled guilty to the indictment. (Doc. 53).

On May 18, 2021, the court sentenced the defendant to 24 months of imprisonment to be followed by three years of supervised release. (Doc. 69). The judgment incorporated the court's preliminary order of forfeiture, which held that the Ruger .22 caliber rifle and the homemade firearm silencer attached to it should be forfeited by the defendant. (Doc. 67). On May 26, 2021, Defendant filed a motion for return of evidence, requesting the return of any firearms seized in his case that have not yet been forfeited to the United States. (Doc. 73). Defendant and the United States assert that the remaining firearms are currently in the custody of the Marion County Sherriff's Office.

Rule 41(g) of the Federal Rules of Criminal Procedure governs Defendant's motion. 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).

This relief is unavailable because the remaining firearms that have not been forfeited to the United States are in the custody of the Marion County Sherriff's Office. Federal courts lack jurisdiction to order the return of property seized and held by a state or local law enforcement under Rule 41(g) unless the property is being held for a potential use as evidence in a federal prosecution. *United States v. Copeman*, 458 F.3d 1070, 1072 (10th Cir. 2006); *see also VanHorn v. Fla.*, 677 F. Supp. 2d 1288, 1291 (M.D. Fla. 2009) (finding that relief under 41(g) was unavailable to recover property in the possession of the Hillsborough County Sherriff's Office). Here, the firearms in the custody of the Marion County Sherriff's Office are not expected to be used as evidence in a federal prosecution. Notably, the plea agreement between Defendant and the United States contains a provision that the United States will not bring any further charges based on the conduct giving rise to the plea agreement. (Doc. 47 at 2).

Accordingly, Defendant's motion to release evidence (Doc. 73) is **DENIED**.

**IT IS SO ORDERED** in Ocala, Florida, on June 15, 2021.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties